FILED
SCRANTON
DEC 07 2012
MARY E. D'ANDREA, CLERK
Per  M.E.P
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Paul Lucas,

    Plaintiff,

v.

Convergent Healthcare Recoveries, Inc.,

    Defendant.

Civil Action No. 3:12-CV-916

(Judge Kosik)

## MEMORANDUM

Currently before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. (Doc. 15). For the reasons that follow, we will stay ruling on the motion until the parties provide us with copies of a proposed settlement agreement or the settlement agreements in question.

### Procedural History & Factual Background

Plaintiff, Paul Lucas, initially filed a Complaint against Defendant, Convergent Healthcare Recoveries, Inc., in the Pennsylvania Court of Common Pleas of Lackawanna County. (Doc. 1, Att. 2). The Complaint contains a claim that Defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (*Id.*). The Complaint specifically alleges that Defendant violated the FDCPA in attempting to collect an unpaid debt from Plaintiff when Defendant left messages on Plaintiff's home telephone number, which were eventually heard by a third party. (*Id.* at Att. 2). Defendant removed this action to this Court on May 16, 2012. (*Id.*).

Defendant filed the current motion on July 2, 2012. (Doc. 15). In the motion, Defendant alleges that it "sent Plaintiff a written settlement offer to pay more than what he requested in his Rule 26 Disclosures and, moreover, what is statutorily available under his claims. (*Id.* at p. 2). The settlement offer specifically offered to pay Plaintiff $1,001.00, plus reasonable attorneys' fees and costs incurred by Plaintiff's counsel. (*Id.* at Ex. D.). Defendant further alleges that Plaintiff rejected this settlement offer. (*Id.* at p. 2). Defendant explains

that its offer renders Plaintiff's claim moot because it satisfies the total relief available to Plaintiff, meaning that an actual case or controversy no longer exists. (*Id.*). Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (*Id.*).

Plaintiff responded to Defendant's motion by filing a brief in opposition to the motion on August 6, 2012. (Doc. 18). In his brief, Plaintiff explains that Defendant's offer did not satisfy total relief because the offer might deprive the Court of any jurisdiction to decide a fee award. (*Id.* at p. 1). Plaintiff alleges that, among other things, he prepared "an offer of judgment for $1,000 plus fees and costs and provided it to the Defendant" for signature. (*Id.*). According to Plaintiff, Defendant failed to respond to the offer and instead filed the current motion to dismiss. (*Id.*). Defendant filed a reply brief on August 20, 2012. (Doc. 19).

In a status report filed with the Court on August 22, 2012, Plaintiff advised the Court that a settlement may be possible and asked the Court to defer ruling on the pending motion to dismiss. (Doc. 21). On September 25, 2012 and September 26, 2012, counsel for Defendant and Plaintiff, respectively, sent the Court letters. (Doc. 22, 23). In these letters, both sides expressed that they had been unable to reach a settlement agreement. (*Id.*). In addition to filing a letter on September 26, 2012, Plaintiff also filed a notice of supplemental authority. (Doc. 24). This Court then received a letter from Defendant's counsel on November 12, 2012 asking that the motion to dismiss be heard by the Court at the Court's earliest convenience. (Doc. 26).

### Standard of Review

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is a motion to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of motions under Rule 12(b)(1), "those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, fn. 3 (3d Cir. 2006) (citation omitted). When a facial attack has

been made, the court must consider the allegations of the complaint as true. *Id.* However, a factual attack:

> differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction . . . there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). As Defendant explains, its challenge to subject matter jurisdiction is factual. (Doc. 15, p. 3).

### Discussion

The crux of this motion concerns whether the settlement agreement provided for all relief that would be available to Plaintiff, thus making the claim moot and eliminating the Court's subject matter jurisdiction. (*See* Doc. 15, ). Though both sides have attached letters explaining settlement offers, neither side has attached an actual settlement agreement. We will defer ruling on the current motion to dismiss until the parties send us the settlement agreements in question, or a proposed settlement agreement. For the sake of the parties, and to clear up any confusion, we will also briefly explain the law concerning whether a settlement agreement provides for all relief. Specifically, we will discuss the role of attorney's fees in these agreements.

Under the FDCPA, the maximum amount of statutory damages is $1,000. 15 U.S.C. § 1692k(a)(2)(A). However, the FDCPA further states that damages also include, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court." *Id.* at § 1692k(a)(3). As such, an award of attorney's fees is mandatory under the FDCPA. *Andrews v. Prof'l Bureau of Collection of Md., Inc.* 270 F.R.D. 205 (M.D. Pa. 2010). The Act's use of the term "successful action" appears to be synonymous with the term "prevailing party." *See Crabill v. Trans Union, LLC.,* 259 F.3d. 662, 666 (7th Cir. 2001); *see also Buckhannon Bd. And Care*

*Home, Inc. v. West Virginia Department of Health and Human Res.,* 532 U.S. 598, 602 (2001).

In *Buckhannon Bd. And Care Home, Inc. v. West Virginia Department of Health and Human Res.,* the Supreme Court explained that a "prevailing party" is entitled to an award of attorneys' fees if there has been a judgment on the merits or settlement agreement enforced through a consent decree. *Id.* at 605. "The United States Court of Appeals for the Third Circuit has expanded its view of 'prevailing party' to include a party which obtained a stipulated settlement which '(1) contained mandatory language, (2) was entitled "Order", (3) bore the signature of the District Court judge, not the parties' counsel, and (4) provided for judicial enforcement." *Jacono v. United States HUD,* 2004 U.S. Dist. LEXIS 28479, fn. 1 (E.D. Pa. 2004) *quoting John T. v. The Delaware County Intermediate Unit,* 318 F.3d 545, 558 (3d Cir. 2003) *(citing Truesdell v. Phila. Hous. Auth.,* 290 F3d 159, 165 (3d Cir. 2002).

Based on the foregoing, it is necessary for this Court to examine the settlement agreement in question. Thus, we direct the parties to provide the Court with copies of any settlement agreements or a proposed settlement agreement in order to have the motion ruled on.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| Paul Lucas, | : | |
| --- | --- | --- |
| Plaintiff, | : | Civil Action No. 3:12-CV-916 |
| v. | : | |
| Convergent Healthcare Recoveries, Inc., | : | (Judge Kosik) |
| Defendant. | : | |

**ORDER**

AND NOW this 7th day of December, 2012, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 15) is **STAYED**;

2. Both parties are ordered to provide copies of a proposed settlement agreement or the settlement agreements in question;

3. The parties are given twenty (20) days from the date of this order in which to comply with this Order.

Edwin M. Kosik
United States District Judge